Victor M. MEYERS, Plaintiff,

v.

LOCAL BOARD #8, PROVIDENCE, RHODE ISLAND, Transfer Board New York City Headquarters Selective Service System, Colonel Paul Akst, Director New York City Selective Service System, Lloyd C. Wilson, Director Rhode Island Selective Service System and Doctor Curtis Tarr, Director United States Selective Service System, Defendants.

No. 70 Civ. 5026.

United States District Court, S. D. New York.

March 8, 1971.

Spitzer & Feldman, New York City, for plaintiff.

Whitney North Seymour, Jr., U. S. Atty., for defendants; T. Gorman Reilly, Asst. U. S. Atty., of counsel.

WYATT, District Judge.

This is a motion by plaintiff (Victor) for a preliminary injunction restraining defendants from inducting plaintiff into the Armed Forces of the United States during the pendency of this action. Fed.R.Civ.P. 65.

Plaintiff is a registrant in the Selective Service System at defendant Local Board No. 8 of Providence, Rhode Island. The other defendants are a Transfer Board and various officials in the Selective Service System.

The questions arise under a part of the Military Selective Service Act of 1967 (50 App. U.S.C. § 451 and following; "the Act"). The specific part provides for a deferment until the end of the academic year of a student who is ordered to report for induction "while satisfactorily pursuing a full-time course of instruction" (50 App. U.S.C. § 456 (i) (2)).

The motion for a preliminary injunction must be denied.

When Victor became 18 years old and required to register (50 App. U.S.C. § 453) he was living in Providence, Rhode Island; he duly registered with Local Board No. 8 in Providence about May 7, 1963.

Because he was then an undergraduate student at Lehigh University, the Board on May 20, 1964 placed Victor in a deferred class, II–S (32 CFR § 1622.25).

After physical examination and in May, 1966, Victor was found qualified for service in the Armed Forces and fully acceptable for induction (32 CFR § 1628.25).

Victor received his baccalaureate degree from Lehigh in June 1966.

After leaving Lehigh, Victor entered New York University School of Law (NYU).

Under date of May 4, 1966, NYU submitted to the Board for Victor a "Student Certificate", an official form (SSS Form 109). This stated that Victor had been accepted by NYU as a "full time student * * * for the class beginning on September 12, 1966".

Under date of "9/66", NYU submitted to the Board for Victor a "Graduate or Professional College Student Certificate", an official form (SSS Form 103). This stated that Victor had entered upon the first year of his professional studies and was "pursuing a full-time course of study", with the notation "9/12/66–5/26/67" which must indicate the beginning and the end of the

academic year. It was stated that the course would lead to a degree "on or about June 1969".

Under date of "9/67", NYU submitted to the Board for Victor the same form of certificate for the second year, with the notation "9/11/67–5/28/68".

Under date of "9/68", NYU submitted to the Board for Victor the same form of certificate for the third year. This time, however, the notation read as follows: "Student entered third year on 9/12/68. The academic year will end on 5/27/69".

Having been advised by the NYU certificate that the academic year would end on May 27, 1969—which would mark the completion of the three year course of study—the Board on June 18, 1969 placed Victor in Class I–A "available for military service" (32 CFR § 1622.10) and on the next day notice of classification was mailed to Victor (32 CFR § 1623.4(a)).

Every registrant is entitled to "an opportunity to appear in person" before the Board if he "files" a request within 30 days after the Board has mailed him a Notice of Classification. 32 CFR § 1624.1.

On the 29th day after the mailing by the Board of the Notice of Classification, Victor filed a request with the Board for a personal appearance before the Board, and also for a conference with the Government Appeal Agent (32 CFR § 1604.71).

On the same day, Victor separately filed a request to be placed in Class II–A as, in Victor's language, "an occupational deferment as I feel my skills are necessary for the maintenance of the national interest".

Class II–A is for registrants deferred "because of civilian occupation (except agriculture and activity in study)". 32 CFR § 1622.22. This deferment derives from a section of the Act (50 App. U.S.C. § 456(h) (2)) separate from that dealing with student deferments (50 App. U.S.C. § 456(h) (1)). In relevant part, the Act provides for deferment of persons whose "occupations or employment * * * or whose activity in * * * other endeavors is found to be necessary to the maintenance of the national health, safety or interest * * *" (50 App. U.S.C. § 456(h) (2)).

Class II–A, though deriving from the same part of the Act as the deferment for graduate study, has nothing whatever to do with graduate study. Class II–S (such as Victor enjoyed while in law school) includes those deferred because of graduate study. The regulations for Class II–S are separate and different from those for II–A. Thus, the regulations for II–A properly make it clear that the II–A deferment is not for "activity in study". 32 CFR § 1622.22.

The occupational deferment sought by Victor was for work as a "Vista Volunteer". This work was described as providing "legal counsel to community groups composed of indigenous poor under the supervision of faculty members of the New York University Law School" (July 16, 1969 letter to the Board of Professor Norman Redlich).

Because the deferment sought was Class II–A, occupational deferment, no suggestion was made that Victor would be "pursuing" any "course of instruction" at NYU, "full-time" or otherwise. Indeed, such a suggestion would have been entirely inconsistent with the deferment sought.

A conference with the Agent was arranged for August 4, 1969 but Victor requested a postponement because, until August 19, he had to be in Colorado concerning his "future employment"; presumably this was employment *after* the Vista Volunteer work. The postponement was allowed.

Victor did meet with the Agent on August 20, 1969, basing his claim for reclassification on his employment in a two year Vista program.

Victor asked that his personal appearance before the Board be transferred to a Board in New York City.

The personal appearance must be before the same Board which made the classification. The transfer to New York City thus could not be made.

The Board on December 2, 1969 mailed Victor notice that it had fixed December 9, 1969 at 7:30 p. m. as the date for Victor's personal appearance. Victor asked for a postponement, saying it was "practically impossible" for him to travel to Providence for the personal appearance because he had to appear in court that day. The postponement was not allowed.

The Board noted Victor's failure to appear and on December 9, 1969 determined not to reopen Victor's classification. 32 CFR § 1624.2(c). On December 11, 1969, Notice of Classification— I–A—was mailed to Victor. 32 CFR § 1642.2(d).

It seems clear that Victor was given the required "opportunity to appear in person" but declined to avail himself of it. The alleged court appearance on December 9, 1969 could scarcely interfere with an appearance at 7:30 p. m. in Providence; moreover, no attempt was made by Victor to suggest a later hour that evening. He simply chose not to appear.

It would seem that the Board would have been justified, after Victor's failure to appear in person, in treating his right to appeal as lost. He did not appeal within 30 days of the mailing to him on June 19, 1969, of the Notice of Classification. The requirement that another Notice of Classification be mailed is only after registrant "has appeared" before the Board (32 CFR § 1641.2(d)), not when he has defaulted in appearing.

The Board, however, treated the situation as if Victor had appeared. On this assumption, the determination not to reopen the classification entitled Victor to the same right of appeal as on the original classification (32 CFR § 1642.2(e)), namely, within 30 days after mailing the Notice of Classification (32 CFR § 1626.2(c) (1)).

Thus, by asking first for a personal appearance—which rather plainly Victor did not in fact wish to have—and waiting to appeal until after the second Notice of Classification had been mailed, Victor extended by some five months at least the period within which he might appeal and delayed for the same period any risk of an order to report for induction.

Victor calculated very carefully the maximum delay he could secure for asking for an appeal after the Notice of Classification mailed December 11, 1969. The thirtieth day after December 11, 1969 was January 10, 1970. No appeal was filed by that date, which was a Saturday, although Victor was in Providence at the Board on December 29, 1969, examining his file. On Monday, January 12, 1970, however, Victor filed with the Board a request to "reconsider" his application for "a Class II–A Occupational Deferment" or, if that were denied, for an appeal and that the appeal be considered by the Appeal Board in New York City where he was employed and where he resided.

So far as an appeal is concerned, this was untimely, being filed more than 30 days after mailing of the Notice of Classification. The thirtieth day was a Saturday, however, and it might be argued that in such case the period runs until the following Monday. See Fed.R.Civ. P. 6(a). There is a Regulation governing "computation of time", 32 CFR § 1641.6, and it contains no provision similar to Fed.R.Civ.P. 6(a).

So far as the request to "reconsider" is concerned, this was a request to reopen, governed by 32 CFR § 1625.2. On February 11, 1970, the Board determined not to reopen the classification. The Board by letter should have so advised Victor and no other record of the action taken was required. 32 CFR § 1625.4.

On February 12, 1970, however, the Board mailed Victor a Notice of Classification. This would seem to supersede all earlier such notices in that Vic-

tor was required to file a "written notice of appeal" (32 CFR § 1626.11(a)) within 30 days from February 12, 1970.

Victor did not file any notice of appeal and on March 17, 1970, after the appeal period had expired, the Board—properly as it seems to me—mailed Victor a notice to report for induction on April 8, 1970.

At this point, Victor had no appeal pending and nothing stood in the way of his induction.

For some reason unexplained, the Board treated the matter as if an appeal were pending and on or about March 30, 1970 forwarded the file to the New York City Appeal Board, noting the "date classified" as "February 11, 1970" (from which no appeal had been taken). The authority for transfer of the appeal to New York City is 32 CFR §§ 1626.11(b) and (c), 1626.13(b).

On March 30, 1970, the Board notified Victor that his file was being forwarded to the Appeal Board of the area of his residence and that he need not report for induction.

On April 23, 1970, the Appeal Board classified Victor as I–A. The vote was 3 to 1.

One member of the Appeal Board having dissented, Victor could and did appeal to the President. 32 CFR § 1627.3.

The President, acting through the National Selective Service Appeal Board (which voted three "yes", nobody voting "no"), on August 14, 1970 classified Victor I–A.

On September 10, 1970, the Board issued and mailed to Victor an order to report for induction on September 29, 1970. It seems evident that this was a normal consequence of the final action of August 14, 1970 on Victor's administrative appeal.

Having failed to secure a II–A occupation deferment, Victor decided to try to delay induction nevertheless by an attempted switch to "pursuing a full-time course of instruction" as a graduate student at NYU with the object of qualifying under 50 App. U.S.C. § 456

(i) (2) for a I–S deferment (32 CFR § 1622.15).

Under date of September 10, 1970, Victor wrote to the Board stating that he was "now enrolled" as a full-time graduate student at New York University School of Law and requesting a I–S deferment. This letter was received by the Board on Monday, September 14, 1970.

Lois Robinson, the Graduate Recorder of NYU, submitted to the Board a "Graduate or Professional College Student Certificate" (SSS Form 103)—the same form submitted in the past—dated September 11, 1970. This recited that Victor had entered upon the first year of professional studies leading to the degree of LL.M on or about June, 1971, followed by this statement:

"This student is currently registered for 12 credits in the Master's Program (first semester September 14, 1970 to January 16, 1971). He is a full-time student."

The applicable Regulation at this point was 32 CFR § 1625.3(b) which directs the Board to "reopen and consider anew the classification of a registrant to whom it has mailed an Order to Report for Induction (SSS Form No. 252) whenever facts are presented to the local board which establish the registrant's eligibility for classification into Class I–S because he is satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning."

The difficulty for Victor is that the "facts" presented by him did *not* "establish" his eligibility for Class I–S because, on the contrary, they showed that on September 10, 1970, when the order to report was mailed, Victor was not "pursuing a full-time course of instruction". His own letter merely said that he was "enrolled" as a full-time student. The certificate of Robinson showed that the beginning of classes, the beginning of the academic year, was to be on Monday, September 14, 1970—"first semester September 14, 1970 to January 16, 1971".

The Board at this point, according to the applicable Regulation (32 CFR § 1625.4) should have advised Victor by letter "that the information submitted does not warrant the reopening of the registrant's classification".

The reply of the Board to Victor, under date of September 14, 1970, was that Victor did not qualify for I–S deferment because "you have received your baccalaureate degree". This was the right statement of result (that Victor was not entitled to a I–S deferment) but not of the reason.

Victor then under date of September 16, 1970 addressed himself to the Rhode Island State Director of the Selective Service System. He requested review of the Board action, claiming that he was entitled to a I–S deferment "for the academic year" but that he had "not received a formal induction notice". This last is exceedingly strange, not only because the record shows a mailing of the induction notice on September 10, 1970 (a Thursday) but because Class I–S does *not* become possible for a registrant until *after* issuance of an order to report for induction.

At this point, Victor had no right to any appeal and was under a duty to report for induction on September 29, 1970.

The State Director did review the matter, however, and was correctly advised by a staff member that on September 10, 1970 Victor was "not pursuing a full-time course of instruction".

Under date of September 25, 1970, the State Director replied that Victor did not qualify for Class I–S. The reason was not stated but (from the above quoted advice from a staff member) it was not because he had received "your baccalaureate degree" but because *at the time* of the order to report for induction (September 10, 1970) Victor was not "pursuing a * * * course of instruction" (50 App. U.S.C. § 456(i) (2)).

At this point, nothing would seem to stand in the way of Victor's induction on September 29, 1970. But the arsenal available to Victor was not yet depleted, nor was the Selective Service machinery yet able to operate effectively.

Victor turned to the "transfer for induction" provisions of the Regulations, found in 32 CFR § 1632.9. This is intended to allow a registrant to report for induction to a board *other* than his own when he is "so far from his own local board that reporting to his own local board for induction would be a hardship". Obviously it is premised on a more convenient place of induction, not on the change of venue of a lawsuit.

Victor had not the slightest intention of reporting for induction; he proposed instead to start a lawsuit and he preferred to start it in this Court rather than in the District Court for Rhode Island.

Therefore on September 28, 1970, Victor applied (on SSS Form 230) for transfer of induction to "Transfer Board, 26 Federal Plaza, New York, New York". Presumably, this was based on 32 CFR § 1632.9. No reason was given for the transfer except "Living in New York City Area Married, lives with wife".

An application for transfer of induction must be made "at the time" the registrant receives his order to report for induction. 32 CFR § 1632.9(a). Victor, of course, did not comply with this requirement but applied only *one day* before he was to report for induction.

There was no showing of any "hardship" by Victor. Reporting in Providence—only a short time away from New York by plane, train, bus, or private car—would certainly be no "hardship".

Nevertheless, incredibly the "Transfer Board" approved the request for transfer as soon as received on September 28, 1970. This was in clear violation of the Regulations but was nonetheless done.

Victor had thus again succeeded in frustrating the enforcement of the Act.

On October 5, 1970, the Board (in Providence) transferred Victor for in-

duction to the "Transfer Board" in New York.

The "Transfer Board"—knowing full well that Victor had been ordered to report for induction in Providence on September 29, 1970—then indifferently delayed for a month and on November 5, 1970 finally mailed to Victor an order to report for induction on November 17, 1970.

Victor, of course, had no intention of reporting and had never had any such intention. What he wanted was delay—for no matter what reason—and the next means for delay was the action at bar.

The notice to report for induction on November 17, 1970 was received by Victor at latest on Monday, November 9. The plans had no doubt been carefully laid for the lawsuit, but its commencement was delayed until the last minute, November 16, 1970, one day before Victor had been ordered to report for induction.

On the day the action was commenced —November 16, 1970—Judge McGohey signed an order to show cause bringing on the present motion for a preliminary injunction. There was a stay of induction until determination of this motion. The affidavit submitted to Judge Mc-Gohey relied on the invalidity of the "bacculaureate degree" reason assigned by the Board in its September 14, 1970 letter.

By reason of the stay, the Director of the Selective Service System was alerted; he instructed the Board (at Providence) to postpone the induction of Victor. The Board issued a Postponement of Induction (SSS Form 264) of Victor under date of November 17, 1970. 32 CFR § 1632.2. The postponement was until further notice. Why the postponement was by the Board (in Providence) rather than by the "Transfer Board" (which had made the order to report for induction) is not easily understood.

Under date of November 17, 1970, Robinson wrote the Board that the certificate of September 11, 1970 contained an error: that Victor had entered his first year of professional studies. Robinson stated that Victor began such studies in September 1969—a time at which he was claiming that his "occupation or employment" was "necessary to the maintenance of the national health, safety, or interest". 32 CFR § 1622.-22(a). Robinson stated that Victor was in "his second year".

Under date of November 30, 1970, Robinson wrote to an aide of the Director. She said that students are not "full-time" unless they take at least 12 credits of course work; that in the fall 1969 semester, Victor took 5 credits of course work; that in the spring 1970 semester, he took 6 credits of course work; and that in the summer 1970 semester he took 1 credit of course work. Robinson stated that Victor "began the Fall 1970 Semester (9/14/70 to 1/16/71) with a full-time course load of 12 credits".

This establishes that after taking his J.D. degree in 1969 Victor was not a full-time student at NYU until Monday, September 14, 1970.

Under date of December 2, 1970, an Associate Dean of NYU wrote to National Headquarters "to further clarify". This further clarification, while in accepted academic jargon, is meaningless. It is an attempt to show that whereas by NYU definitions Victor had not been a "full time" student from 1969 until September 14, 1970, it would be "quite possible" that his program might at some time be approved by the faculty as full-time.

Under date of December 21, 1970, Victor wrote to the Board "to help clarify" his status. He reported that in September 1969 the "director of the program" had informed him that he was "a full-time graduate student". This "director" was apparently not in touch with the "graduate recorder" or with the associate dean.

The Director of the Selective Service System on December 21, 1970 advised the Rhode Island State Director that there was an "error" in the "original

certification" from Robinson (of NYU) and that it was "mandatory" under 32 CFR § 1625.2 for the Board to make a "proper determination" of the "crucial factual issue * * * whether the registrant was a full-time student on September 10, 1970". It is difficult to find any basis for this advice in any "error" of Robinson; it is true that the reason first assigned by the Board for denying I–S (because Victor had his baccalaureate degree) was not a valid one.

On January 20, 1971, the Board unanimously made a determination that it would not change the classification of Victor from I–A. In the language of the Regulations, the Board refused "to reopen and consider anew" the classification; it is then to advise the registrant by letter, and nothing more is required. 32 CFR § 1625.4.

Under date of January 22, 1971, the Board advised Victor that no change of classification was made for the reason that he was ordered to report for induction on September 10 and the school semester "did not commence until September 14, 1970".

At this point, nothing stood in the way of Victor's induction except the stay of Judge McGohey.

Meanwhile, this motion for a preliminary injunction had been successively adjourned on the motion calendar; it was finally heard on February 9, 1971.

At the hearing of the motion on February 9, 1971, an "amendment to complaint" was filed by stipulation between the parties.

The amended complaint contains four separate claims, each called a "cause of action" and each set out separately. The sole claim in the original complaint is now the first claim (or "cause of action") and there are three other claims which will be hereafter considered.

As to the first claim, the facts, as recited above, show beyond any doubt that Victor was not entitled to any I–S deferment.

The statute is clear. Deferment (in the I–S class) is mandatory for a registrant who "is ordered to report for induction" at a time "while satisfactorily pursuing a full-time course of instruction". 50 App. U.S.C. § 456(i) (2).

The statute uses the words "is ordered". The date of the order is September 10, 1970 and it is the status of Victor on that date which is controlling. Was he on September 10, 1970 "pursuing a full-time course of instruction"? It is clear that he was not. The statements from NYU all show that the fall semester, the academic year, the first classes, began on September 14, 1970. This is when the "course of instruction" began. When Victor may have registered or "enrolled" is of no significance; this is simply an administrative matter, and could take place months before the "course of instruction" began. At the time the order to report for induction was made on September 10, 1970, Victor could not have been "pursuing a full-time course of instruction" because there was no "course of instruction" which he could be "pursuing".

The purpose of Class I–S is "to avoid the waste of an interrupted school year". Marsano v. Laird, 412 F.2d 65, 70 (2d Cir. 1969). In the case at bar, the "school year" could not have been "interrupted" because on September 10, 1970 it had not yet begun.

As to this first claim and as to the other three claims, there is moreover no jurisdiction in this Court to review the action of the Board *before* induction. Congress has made it plain that there is to be no judicial review before induction. The Act contains a provision as follows (50 App. U.S.C. § 460(b) (3)):

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution * * * after the registrant has responded either affirmatively or negatively to an order to report for induction * * *".

A limited exception has been read into this provision where classification is

without statutory basis, violative of rights explicitly established by statute, and not dependent on the judgment of the Board. Oestereich v. Selective Service System, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1969). In the case at bar, whether Victor was a "full-time" student on September 10, 1970 called for the determination of a fact. It is not by any means an "extreme case where the Board can be said to flout the law". Clark v. Gabriel, 393 U.S. 256, 260, 89 S.Ct. 424, 427, 21 L.Ed.2d 418 (1968; Douglas, J. concurring).

Counsel appear to accept Marsano v. Laird, above cited, as an exception to the prohibition against review before induction. In fact, Marsano v. Laird was an application *after* induction for a writ of habeas corpus.

The question is whether Carey v. Local Board, etc., 412 F.2d 71 (2d Cir. 1969), an action for review *before* induction, is controlling here. The conclusion is that *Carey* is not controlling because different; in *Carey* there was no question of fact. Admittedly Carey, when ordered on October 14, 1968 to report for induction—clearly after classes at Yale Law School had commenced—was "pursuing a full-time course of instruction". He had "a clear statutory right to his deferment". In the case at bar, whether there was a right to a deferment depended on the determination of a status, whether on September 10, 1970, before the beginning of the semester's work, Victor was "pursuing a full-time course of instruction". No "statutory right" of Victor was "clear".

The second claim is that on January 20, 1971, the Board was required, under Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), to reopen Victor's classification. *Mulloy* did not deal with an I–S deferment, as to which Victor was required to "establish" his eligibility for the class. 32 CFR §

1625.3(b). Victor, of course, did not meet the "prima facie" test of *Mulloy*. The second claim has no merit.

The third claim asserts that Victor was entitled to an "occupational deferment" and that others in his same situation were given such a deferment. There is not the slightest effort to show any facts as to this claim. Indeed, there is no affidavit of Victor in support of his motion. In any event, the claim to occupational deferment is ancient history. Moreover, Victor cannot be a full-time student—as presumably he has been since September 14, 1970—and at the same time have an "occupation or employment" which entitles him to deferment. The claim is frivolous.

The fourth claim is that there are "comments, notations and interlineations" in his file which were made by the Board before his appeals and that he was never informed of their existence. This states nothing of any substance. Victor could have looked at his file at any time. 32 CFR § 1606.32(a) (1).

The foregoing contains the findings of fact and conclusions of law required by Fed.R.Civ.P. 52(a).

Victor has played a crafty game with the Selective Service System and with this Court. He has thereby delayed induction for nearly two years—and after enjoying deferments for six years theretofore. That he should wish to avoid induction is understandable, but failure to enforce the Act as to him would not only be contrary to the obligation of this Court but would be unfair to those thousands of others who have been inducted in the many years while Victor has had the benefit of deferments and delays.

The stay in Judge McGohey's order is hereby vacated.

The motion for a preliminary injunction is in all respects denied.

So ordered.